SUMMARY ORDER

Petitioner Mei Mei Zheng, a native and citizen of the People’s Republic of China, seeks review of an October 29, 2007 order of the BIA denying her motion to reopen. In re Mei Mei Zheng, No. A077 341 369 (B.I.A. Oct. 29, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
 We find that the agency did not abuse its discretion in denying Zheng’s untimely motion to reopen because we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Zheng argues that the BIA erred in not giving sufficient weight to the unauthenticated village committee notices. While the agency may not reject an asylum-seeker’s document solely because the document was not authenticated, Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 404-05 (2d Cir.2005), here, the BIA reasonably rejected the notices because they did not reference any change in China’s family planning policy. See Jian Hui Shao, 546 F.3d at 169. Accordingly, we need not disturb the agency’s finding. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (indicating that the weight afforded to evidence lies largely in the discretion of the agency).
To the extent that Zheng challenges the BIA’s consideration of the other evidence she submitted, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao, 546 F.3d at *498 169, and will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen, 471 F.3d at 338 n. 17. Because the BIA reasonably concluded that Zheng failed to establish a material change in country conditions, and such failure provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Zheng’s motion to reopen. See Wei Guang Wang, 437 F.3d at 273; Jian Hui Shao, 546 F.3d at 169.
Zheng’s argument that she is entitled to file a successive asylum application based on the birth of her children in the United States fails under Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).